UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LUZ BAEZ,

       Plaintiff,

 - against -

MED-WORLD ACQUISITION CORP.,

       Defendant.
------------------------------------------------------------x

Docket No.: '05 CIV 00204

COMPLAINT

**PLAINTIFF DEMANDS A JURY TRIAL**

BRIEANT

  Plaintiff, **LUZ BAEZ**, by her attorneys, **GOODSTEIN & WEST**, complaining of Defendant, **MED-WORLD ACQUISITION CORP.** (hereinafter "Med-World"), alleges as follows:

  1. This is an action brought pursuant to the Family and Medical Leave Act of 1993. Jurisdiction of this Court is established pursuant to 29 U.S.C. §2617(a)(2) which permits an action to recover damages or equitable relief in any Federal Court of competent jurisdiction by any one or more employees for a violation of said Act.

## PARTIES

  2. Plaintiff, Luz Baez, resides at 56 Benson Street, Apt. 2, West Haverstraw, New York 10993, County of Rockland.

  3. Defendant, "Med-World" with offices and facilities at 80 Red Schoolhouse Road, Chestnut Ridge, New York, is an employer subject to the Family and Medical Leave Act of 1993, 29 U.S.C. §2611. On information and belief, "Med-World" is engaged in commerce, or an industry or activity affecting commerce, and employs fifty (50) or more workers for each working

day during each of twenty (20) or more calendar work weeks in the current or preceding calendar year. On information and belief, Defendant, "Med-World" employed Plaintiff, Luz Baez at a work site where it employed more than fifty (50) employees.

    4.    Plaintiff, Luz Baez, on information and belief, is an eligible employee as defined under the Family and Medical Leave Act of 1993, in that she was employed by Defendants for at least twelve (12) months prior to her request for leave, and she worked at least One Thousand Two Hundred Fifty (1,250) hours with said Defendants during the previous twelve (12) month period. 29 U.S.C. §2611.

## FACTS

    5.    Plaintiff, Luz Baez, began her employment with Defendants on or about September 21, 2000. This employment continued without a break until the date of her termination on or about December 13, 2004. During that time, Plaintiff's work performance was always satisfactory.

    6.    On or about November 3, 2004, Plaintiff injured her back at work. She reported to work on November 26, 2004 but went home because of pain. Plaintiff informed her supervisor Ruby Thompson that she had to go home because of the pain, Plaintiff was out of work from approximately November 29, 2004 through December 13, 2004 during which period she was seen by a health care provider or a provider of healthcare services two (2) or more times and/or was given a regimen of continued treatment. This condition qualified as a "serious health condition"pursuant to the Family and Medical Leave Act. Plaintiff remained out of work under the care of a medical provider until December 13, 2004. Pursuant to a doctor's note (copy annexed)

supplied to Supervisor Freddi Spielman, Defendant knew of Plaintiff's course of treatment. Thus, her sciatica qualified as a serious health condition. Defendant should have but did not place Plaintiff on FMLA Leave; Plaintiff is entitled to all the protections of the Act, despite Defendant's failure.

7. On December 13, 2004 when Plaintiff reported to work she was terminated.

8. Because of the nature of Plaintiff's medical condition, she provided such notice as was practicable to the employer when she left work and/or supplied a doctor's note. Such actual notice was given and medical documentation was also given to Defendant.

9. The actions of Defendant complained of in the Cause of Action are willful violations of 29 U.S.C. §2612; §2614, §2615, §2617 and 29 C.P.R. §825.203.

10. By failing to place Plaintiff on FMLA Leave, and by failing to notify her of her FMLA Rights, Defendant interfered with her rights pursuant to the FMLA.

11. By failing to restore Plaintiff Baez to her prior or an equivalent position before taking leave, pursuant to the Family and Medical Leave Act, and/or terminating her during her twelve (12) week leave period, Defendant violated the Family and Medical Leave Act's right ot restoration and protection against termination.

12. Plaintiff demands a jury trial on her Cause of Action.

### AS AND FOR THE CAUSE OF ACTION

13. Although Plaintiff Luz Baez remained in constant contact with Defendant regarding her work condition, she was terminated on December 13, 2004, before the end of her twelve (12) week leave period, 29 U.S.C. §2612 and §2615, and in violation of her right of restoration, 29 U.S.C. §2614 and §2615.

14.   By failing to place Plaintiff on FMLA Leave and by failing to notify her of her rights thereunder, Defendant has violated the FMLA 29 U.S.C. §2615.

15.   Plaintiff was entitled to Family and Medical Leave Act leave which could not be utilized to terminate her employment.

16.   Accordingly, Defendant has violated the Family and Medical Leave Act of 1993, by terminating her and by refusing to allow her the right of reinstatement in violation of 29 U.S.C. §§2615 and 2617, as well as denying Plaintiff restoration to her position as required by 29 U.S.C. §2614.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

**On The Cause Of Action**:

(1)   An amount equal to back wages, benefits, and pension for plaintiff from December 13, 2004;

(2)   Interest on the above described amount calculated at the prevailing rate;

(3)   An additional amount as liquidated damages equal to the sum of the amount described above including interest;

(4)   Employment reinstatement;

(5)   Reasonable attorneys' fees pursuant to 29 U.S.C. §2617; and

(6)   Reasonable expert witness fees and other costs of the Action pursuant to 29 U.S.C. §2617.

Dated: New Rochelle, New York
       January 6, 2005

                        Yours, etc.,

                        GOODSTEIN & WEST

                        By: _____
                           ROBERT DAVID GOODSTEIN (RDG5443)
                        *Attorneys for Plaintiff*
                        56 Harrison Street, Suite 401
                        New Rochelle, New York 10801
                        (914) 632-8382

Practice limited to Orthopedic Surgery                                   By Appointment Only

# ORANGETOWN ORTHOPEDIC ASSOCIATES
99 DUTCH HILL ROAD
ORANGEBURG, NEW YORK 10962
Telephone 845-359-1877

RICHARD D. SEMBLE, M.D.
MARC A. BEREZIN, M.D.
JORDAN A. SIMON, M.D.
ERIC J. ROTHSCHILD, M.D.
GAIL S. CHORNEY, M.D.

DATE: 12/1/04

To whom it may concern:

RE: Luz Baez Rodriguez

the above named patient is under my orthopedic care for

Sciatica

This patient          may          (may not)

_X_ Return to work
_X_ Return to limited work   light duty for 2 wks
(  ) Participate in any gym or sports

(until/on) 12/13/04

Very truly yours,

Orangetown Orthopedics

Signature: Richard D. Semble